Argued January 25; affirmed March 19, 1935

BROWN ET AL. *v.* BELCREST MEMORIAL PARK ASS'N ET AL.

(42 P. (2d) 184)

*W. C. Winslow,* of Salem (Willard L. Marks, of Albany, on the brief), for appellants.

*Custer E. Ross,* of Salem, for respondents.

RAND, J. This is a suit to compel certain of the defendants to account to plaintiff for moneys received from sales of certain cemetery lots and to pay her a proportionate part thereof as a bonus for the services performed by her and her assignors in negotiating such sales. She alleges in her complaint that the services were performed for the defendants, W. A. Laidlaw, Belcrest Memorial Park Association, and the Maywood Investment Company, the owners of the conveyed property, under an agreement in which said owners

undertook to pay her and her assignors, as well as a large number of other salesmen, not only a stated commission which she alleges has been paid but also a proportionate part of a certain bonus when the aggregate amount received from said sales equalled the sum of $263,000; that the First National Bank of Salem, Oregon, acted as trustee for the owners and purchasers in the receipt and disbursement of the moneys and in the passing of the title; and that the other four individual defendants were salesmen and entitled to share in said bonus and were joined as defendants because of their refusal to join with her as plaintiff in the suit.

The defendants answered separately and denied that the former owners had ever employed the plaintiff, or any of her assignors, to perform any of said services or had ever entered into any contract with them. The bank also denied any liability upon its part and the four persons individually joined as defendants in the suit alleged that they had been employed as salesmen by J. H. Callaghan, a broker employed by the owners, and had been paid in full for all services by them performed.

Upon the trial of the cause, the undisputed evidence showed that J. H. Callaghan had been employed as a broker by said former owners under a written contract to sell said cemetery lots and was to receive as a commission 19 per cent of all sums received from the sale of said lots, and that he had employed the plaintiff, her assignors and a large number of other salesmen to act as his agents in the sale of said lots and had agreed with each of them to pay a stated commission for all moneys received from the sales made by them which stated commission had been paid in full and that none of said contracts of employment by Callaghan of

plaintiff or of her assignors, or of any of said salesmen, were in writing. There was some evidence tending to show that in his agreement with said salesmen he did agree to pay, in addition to said stated commission, an additional amount as a bonus and that the bonus had been earned by plaintiff and her assignors and not paid, and, for the purposes of this case, we shall assume that there was such an agreement and that there had been a default upon his part in the payment of said bonus, or any part thereof.

Upon this state of the record, the learned trial court held that plaintiff was not entitled to recover and dismissed the suit, and plaintiff has appealed therefrom.

It will be noted that this suit was not brought against Callaghan. He is not a party to the suit. The question, therefore, of whether the plaintiff is entitled to any relief as against him is not in the case. Plaintiff and her assignors were employed by Callaghan to effect these sales under his promise to reimburse them for making said sales and his contract with them was not in writing. Under section 9-909, subd. 8, Oregon Code 1930, an agreement, "authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission", "is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law". By subd. 8 of said section, it is "provided, however, that if the note or memorandum of such agreement be in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and contains a

description of the property sufficient for identification, and authorizes or employs the agent or broker named therein to sell such property, and expresses with reasonable certainty the amount of the commission or compensation to be paid such agent or broker, such agreement of authorization or employment shall not be void for failure to state a consideration''.

In this suit, the plaintiff is seeking to charge the former owners of the conveyed premises a commission and she had no written agreement with any of said owners, or with any lawfully authorized agent of such owners and, therefore, her contract is void under the statute so far as she is now attempting to enforce from the owners any commission for the sale of the lots.

The plaintiff seeks to make a distinction between a sale of real property for burial purposes and an ordinary sale of land. The evidence shows that the various purchasers for these burial lots received deeds conveying the lots to such purchasers. Without considering the rights conveyed by these deeds, it is sufficient to say that each purchaser, upon receipt of the deed, acquired an interest in real property and that the agreement sought to be enforced comes within the terms of the statute and is controlled by it.

For these reasons, the decree appealed from must be affirmed and it is so ordered.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.